**Opinion filed May 7, 2009**



In The

# Eleventh Court of Appeals

_____

**No. 11-08-00210-CV**

_____

**IN THE MATTER OF THE GUARDIANSHIP OF J.C. SPEER,
AN INCAPACITATED PERSON**

**On Appeal from the County Court at Law**

**Midland County, Texas**

**Trial Court Cause No. G 12,333**

**M E M O R A N D U M   O P I N I O N**

This appeal stems from the guardianship of an incapacitated person, 85-year-old J.C. Speer. Juanita Speer, J.C.'s wife, appeals from an order appointing a successor guardian of the person and estate of J.C. We affirm.

On July 28, 2006, J.C. was determined by a court to be incapacitated. Covenant Outreach, LLC was appointed guardian of J.C.'s person at that time. In November 2006 when the situation became unworkable, Covenant resigned and Juanita's attorney at that time, Mary Lou Cassidy, accepted the appointment as guardian of J.C.'s person. Cassidy resigned in February 2008, after Juanita filed a motion requesting Cassidy's removal as guardian. On June 24 and 25, 2008, the trial court held a hearing and appointed the Texas Department of Aging and Disability Services (DADS) as the successor guardian of the person and estate of J.C.

Juanita presents three issues on appeal. In the first issue, she contends that the trial judge erred in failing to recuse himself and that the denial of her motion to recuse constituted error. The record shows that Juanita filed a motion for recusal or disqualification of the judge of the county court at law, Judge Al Walvoord. In the motion, Juanita questioned the impartiality of Judge Walvoord and asserted that he had a personal bias concerning Juanita and her attorney. *See* TEX. R. CIV. P. 18b. Pursuant to TEX. R. CIV. P. 18a, the presiding judge of the administrative judicial region promptly assigned Judge John G. Hyde to hear Juanita's motion. Judge Hyde held a hearing and denied the motion. The denial of a motion to recuse is reviewed on appeal for abuse of discretion. Rule 18a(f).

At the hearing on the motion, Juanita's attorney stated that Judge Walvoord had become very aggravated with him at a previous conference, to the point that the judge cursed him and called him a "bastard." According to the attorney, Judge Walvoord also made remarks about Juanita's age. Juanita's attorney did not think that the judge could be impartial.

In contrast, Judge Walvoord stated that he did not remember calling the attorney a "bastard" but that, if he did so, he did it "in a joking, negotiational, conversational, kidding concept with regard to the ups and downs and backgrounds of our dealings together" during a friendly, informal meeting in the courtroom. Judge Walvoord stated that he would not make "any kind of aspersion" of that sort to the attorney. Judge Walvoord also stated that he had no predisposition in this case and that he was not opposed to Juanita or her attorney.

Because there was conflicting evidence of what transpired, we cannot hold that Judge Walvoord abused his discretion in refusing to recuse himself or that Judge Hyde abused his discretion in denying the motion to recuse. Furthermore, we note that nothing in the record from the hearing concerning the appointment of a successor guardian indicates any partiality on Judge Walvoord's part. The first issue is overruled.

In her second and third issues, Juanita complains of errors relating to the appointment of the guardian. Juanita argues in her second issue that the trial court erred in failing to follow the applicable provisions of the Texas Probate Code when appointing a guardian of the person. In the third issue, Juanita contends that the trial court erred in appointing DADS as the successor guardian even though Juanita was not shown to be ineligible to serve as guardian.

We must review a guardianship determination under an abuse of discretion standard. *In re Keller*, 233 S.W.3d 454, 459 (Tex. App.—Waco 2007, pet. denied); *In re Guardianship of Erickson*, 208 S.W.3d 737, 743 (Tex. App.—Texarkana 2006, no pet.). We do not conduct an independent review of the findings of fact under traditional legal and factual sufficiency standards; however, legal and factual sufficiency are factors to consider in determining whether an abuse of discretion has occurred. *Keller*, 233 S.W.3d at 459-60; *Erickson*, 208 S.W.3d at 743. A trial court abuses its discretion when it acts without reference to any guiding rules and principles. *Downer v. Aquamarine Operators, Inc.*, 701 S.W.2d 238, 241-42 (Tex. 1985).

In her second issue, Juanita contends that the trial court failed to apply TEX. PROB. CODE ANN. §§ 683, 685, 686, 687 (Vernon 2003 & Supp. 2008) (respectively relating to the court's initiation of guardianship proceedings, the hearing for appointment of a guardian for the proposed ward and the proposed ward's right to a jury trial, the use of the proposed ward's medical and psychological records, and the necessity of obtaining a recent physician's exam and report regarding the incapacity of the proposed ward). As suggested in DADS's brief, Juanita has failed to preserve this issue for appellate review. To preserve a complaint for our review, a party must have presented to the trial court a timely request, objection, or motion. TEX. R. APP. P. 33.1(a). Juanita did not complain at the trial court level of the trial court's failures with respect to the provisions of the Probate Code. She may not raise these issues for the first time on appeal.

Furthermore, the sections of the Probate Code that Juanita refers to in her second issue relate to the initial guardianship proceedings of a prospective ward, not the appointment of a successor guardian. After a guardianship has already been created, the court may, if necessary, immediately appoint a successor guardian without citation or notice. TEX. PROB. CODE ANN. §§ 695(a), 759(f) (Vernon Supp. 2008). J.C. had previously been determined to be incapacitated, and the guardianship of J.C. had been in place since 2006. Although the guardian had resigned, the guardianship had not been terminated. The record shows that J.C. remained incapacitated and in need of a successor guardian. We hold that the trial court did not err or abuse its discretion in failing to follow the prerequisites for an initial guardianship proceeding when it appointed a successor guardian as authorized by Sections 695(a) and 759(f). Juanita's second issue is overruled.

In her third issue, she complains of the trial court's choice in guardians. Juanita, J.C. and Juanita's only living child (Joyce Ferguson), and DADS each filed an application to be appointed guardian. A trial court has broad discretion in deciding the type of guardianship and identity of the guardian. *In re Guardianship of Boatsman*, 266 S.W.3d 80, 88 (Tex. App.—Fort Worth 2008, no pet.). Even though it had previously determined in the original guardianship proceeding in 2006 that Juanita and Ferguson were "unsuitable" to be guardians, the trial court allowed all three parties to present evidence at the 2008 hearing and apparently reconsidered the issue. Nothing in the record indicates that the parties' circumstances had changed such that Juanita or Ferguson had become suitable, and the applications of Juanita and Ferguson were again denied. The trial court ruled that, because of the "dysfunctional family dynamics" in this case, it would be in the best interest of J.C. to appoint DADS as the guardian. The evidence showed that DADS was familiar with and capable of handling guardianships such as J.C.'s. The evidence also showed that the relationship between Juanita and Ferguson had become extremely difficult and acrimonious. There was testimony that Juanita had accused Ferguson and Ferguson's husband of kidnapping J.C., that Juanita had filed a lawsuit against Ferguson and her husband relating to J.C.'s money, and that the lawsuit was still pending at the time of the hearing. *See* TEX. PROB. CODE ANN. § 681 (Vernon 2003) (persons disqualified from serving as guardian). The record also included other evidence indicating that neither Juanita nor Ferguson was suitable to be J.C.'s guardian. After reviewing all of the evidence, we cannot hold that the trial court abused its discretion in appointing DADS as the successor guardian of J.C.'s person and estate. Juanita's third issue is overruled.

The judgment of the trial court is affirmed.


JIM R. WRIGHT
CHIEF JUSTICE

May 7, 2009

Panel consists of: Wright, C.J.,
McCall, J., and Strange, J.

4